JEAN E. WILLIAMS
Deputy Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

TYLER M. ALEXANDER (CA Bar #: 313188)
DUSTIN J. WEISMAN (CO Bar #: 44818)
Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0238 (Alexander)
Tel: (202) 305-0432 (Weisman)
Fax: (202) 305-0506
tyler.alexander@usdoj.gov
dustin.weisman@usdoj.gov

*Attorneys for Federal Defendants Kimberly Nash, Jason Kuiken, the United States Department of Housing and Urban Development, and the United States Forest Service*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| EARTH ISLAND INSTITUTE, *et al.*,<br><br>　　　　　　　　Plaintiffs,<br>　　v.<br>KIMBERLY NASH, *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 3:19-cv-05792-LB<br><br>**FEDERAL DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, TO TRANSFER TO THE EASTERN DISTRICT OF CALIFORNIA: [PROPOSED] ORDER**<br><br>Administrative Procedure Act Case, 5 U.S.C. §§ 701 *et seq*.<br><br>Date: October 31, 2019<br>Time: 9:30 a.m.<br>Judge: Honorable Laurel Beeler<br><br>Courtroom B, 15th Floor,<br>450 Golden Gate Ave., San Francisco, CA |

**NOTICE OF MOTION AND MOTION TO DISMISS**

PLEASE TAKE NOTE THAT on October 31, 2019, at 9:30 a.m., before the Honorable Laurel Beeler, Courtroom B, 15th floor, 450 Golden Gate Ave., San Francisco, California 94102, Federal Defendants will and hereby do move the Court for an order dismissing Plaintiffs' Complaint or alternatively transferring it to the Eastern District of California ("Eastern District").

Federal Defendants are entitled to dismissal, or transfer to the Eastern District, under 28 U.S.C. §§ 1391(e)(1), 1404(a), 1406(a) and FED. R. CIV. P. 12(b)(3), because venue in this Court is improper. Federal Defendants conferred with Plaintiffs regarding dismissal and change of venue, and Plaintiffs oppose.

Venue is improper in the Northern District of California ("Northern District"), but is appropriate in the Eastern District, because this lawsuit asserts federal question jurisdiction over federal lands and actions in the Eastern District. Furthermore, the Eastern District has already adjudicated a connected case concerning the United States Forest Service's ("Forest Service") land management related to the Rim Fire in the very same geographical area. *See Ctr. for Biological Diversity v. Skalski*, 61 F. Supp. 3d 945 (E.D. Cal. 2014), *aff'd*, 613 F. App'x 579 (9th Cir. 2015). Indeed, this matter is a continued challenge to the Forest Service decision that was litigated in *Skalski* in the Eastern District. Thus, this action ought to be adjudicated there. Plaintiffs' selection of forum in this District has no meaningful tie to these actions and is improper. For these reasons and others set forth in the accompanying Memorandum, Federal Defendants' Motion should be granted.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  ISSUES PRESENTED**

Whether this action should be dismissed, or transferred to the Eastern District, for improper venue under 28 U.S.C. §§ 1391(e)(1), 1406(a), and FED. R. CIV. P. 12(b)(3). In the alternative, assuming venue is proper, should this case nevertheless be transferred to the Eastern District pursuant to 28 U.S.C. § 1404(a).

## II. FACTUAL BACKGROUND

Plaintiffs filed their Complaint on September 16, 2019, seeking declaratory and injunctive relief, alleging violations of the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321-4370(m), and improper use of Disaster Relief Appropriations Act of 2013, P.L. 113-2, 127 Stat. 4, funds. Compl., ECF No. 1, at 4. Specifically, Plaintiffs challenge the United States Department of Housing and Urban Development's ("HUD") decision to fund the State of California's Department of Housing and Community Development's ("HCD") disaster relief plan for the Rim Fire. *Id*. at 3-4.

The Rim Fire started in a remote section of the Stanislaus National Forest on August 17, 2013, and burned 257,314 acres, or 400 square miles, including 154,530 acres of National Forest System lands, becoming the largest conifer forest fire in California's recorded history. The fire burned with high vegetation burn severity across 98,049 acres (38% of the burned area) consuming nearly all woody materials located on the ground. *Id*. at 13; *see Skalski*, 61 F. Supp. 3d 945. In the immediate wake of the fire the Forest Service undertook a forest restoration and recovery project. *See Skalski*, 61 F. Supp. 3d 945. Several environmental organizations (including Plaintiff Earth Island Institute) challenged the restoration and recovery project under the same 2014 Environmental Impact Statement (EIS) at issue in this case, but both the Eastern District and Ninth Circuit upheld the agency's action. *Id*. at 953.

Following the Forest Service's initial project implementation, HCD requested disaster relief funds from HUD to carry out its plan to have the Forest Service reduce fuel loading in burned areas as part of site preparation for planting trees and controlling competing vegetation on lands not expected to regenerate naturally. Compl. at 15. Although the Complaint refers to the construction of a new biomass utilization facility (*id*.), the Forest Service is/was not authorized to construct that facility and that facility is not expected to receive material from the Rim Fire as part of HUD's grant. HUD approved HCD's request and awarded it approximately $70,359,459 to carry out the project.

The HUD funds at issue, and HCD's project, are to assist with disaster recovery efforts in the portion of the Stanislaus National Forest within Tuolumne County, California. *Id.* Tuolumne County falls entirely within the jurisdiction of the United States District Court for the Eastern District of California.

## III.  STANDARD FOR MOTION TO DISMISS FOR IMPROPER VENUE

Under Rule 12(b)(3), a complaint may be dismissed if it is brought in an improper venue. The plaintiff bears the burden of demonstrating that venue is proper. *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). In deciding a Rule 12(b)(3) motion, the allegations in the pleadings need not be accepted as true and the court may consider supplemental written materials and facts outside of the pleadings without transforming the motion into a motion for summary judgment. *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004); *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996). If genuine contested factual issues are presented, the court draws all reasonable inferences in favor of the non-moving party. *Murphy*, 362 F.3d at 1138–40. Where venue is improper, the district court has the discretion to dismiss the case under Rule 12(b)(3) or transfer the case in the interests of justice to an appropriate jurisdiction under 28 U.S.C. § 1406(a). *See King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992); *Dist. No. 1 Pac. Coast Dist. v. Alaska*, 682 F.2d 797, 799 n.3 (9th Cir. 1982).

Even when venue is permissible in a given district, a district court may nevertheless transfer any civil action to any other district where it might have been brought "[f]or the convenience of the parties and witnesses" or "in the interest of justice." 28 U.S.C. § 1404(a). The party moving to transfer venue under § 1404(a) bears the burden of establishing the factors in favor of transfer. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 499 (9th Cir. 2000).

## IV.  ARGUMENT

Venue for civil actions in which a defendant is an officer of the United States, or an agency of the United States, is controlled by 28 U.S.C. § 1391(e). § 1391(e) provides that venue is proper in any judicial district in which:

> (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1).

Venue is improper in this Court because none of the requirements in § 1391(e)(1) are met. Even if Plaintiffs could establish venue based on one of the § 1391(e)(1) categories, this Court should still transfer venue "in the interest of justice" under 28 U.S.C. § 1404(a). *Cf. Earth Island Inst. v. Quinn*, 56 F. Supp. 3d 1110 (N.D. Cal. 2014) (holding that transfer of venue to the Eastern District of California was appropriate because the land and projects were within that district.).

A. <u>Defendants do not "reside[]" in the Northern District within the meaning of 28 U.S.C. § 1391(e)(1)(A).</u>

Plaintiffs do not allege that the defendants "reside[]" within the Northern District. 18 U.S.C. § 1391(e)(1); *see* Compl. at 5. And the mere fact that HUD and the Forest Service have offices within the Northern District is not enough to establish venue. *See Tsi Akim Maidu of Taylorsville Rancheria v. U.S. Dep't of Interior*, No. 16-cv-07189-LB, 2017 WL 2289203, at *2-3 (N.D. Cal. May 25, 2017) (jurisdiction improper where plaintiffs failed to show that any federal defendants reside in the district or that a substantial part of the acts or omissions occurred in the district); *see also W. Watersheds Project v. Pool*, 942 F. Supp. 2d 93, 98 n.2 (D.D.C. 2013) (Venue is "not appropriate" where "the only real connection" to the district is that "a federal agency headquartered here . . . is charged with generally regulating and overseeing the [administrative] process" that is being challenged. (internal quotation marks and citation omitted)). Therefore, Plaintiffs have not met their burden of demonstrating that venue is proper in this Court under 28 U.S.C. § 1391(e)(1)(A).

B. <u>A substantial part of the events occurred, and the real property is located, within the Eastern District.</u>

Plaintiffs anchor their claim of venue on the fact that the "HUD[] office that administer[ed] the grant is located in San Francisco." Compl. at 5. This, they contend, meets § 1391(e)(1)(B)'s requirement that "a substantial part of the events or omissions giving rise to the

MOTION TO DISMISS FOR IMPROPER VENUE
 CASE NO. 3:19-CV-05792-LB                                                                  5

claim occurred" in the district. *Id.* However, neither Plaintiffs' alleged interests in this case (recreational and aesthetic interests in public lands within the Stanislaus National Forest), nor the principal action that Plaintiffs are seeking to stop (vegetation management), nor the actual land at issue (portions of the Stanislaus National Forest), are connected to the Northern District. Plaintiffs seek to tie venue solely to the inconsequential fact that the funds for the project were administratively handled by HUD's regional office within the Northern District.

In contrast to the minimal nexus with the Northern District, there is a substantial nexus between this action and the Eastern District. This connection is evident from even a cursory review of the Complaint. First, the project concerns federal land in Tuolumne County, which is entirely within the Eastern District. *Id.* at 15. Second, the challenged analysis in the 2014 and 2016 NEPA Environmental Impact Statements studied lands solely within the Eastern District. *Id.* at 3. Third, the substantive evidence and witnesses that Plaintiffs rely upon in their Complaint are located within the Eastern District. *See id.* at 13-19.[1] In sum, the actions challenged here most directly affect Eastern District lands and residents. *See Pres. Soc'y of Charleston v. U.S. Army Corps Corps of Eng'rs*, 893 F. Supp. 2d 49, 55 (D. D.C. 2012) (transferring case to the forum "wherein the project itself, the decisionmakers, and the affected community are all located, thus giving [that District Court] a strong interest in the outcome"). Thus, this Court should find that no "substantial part of the events or omissions giving rise to the claim occurred" within the Northern District. § 1391(e)(1)(B). *See Taylorsville Rancheria*, 2017 WL 2289203, at *2.

C.  <u>Plaintiffs' residence is not relevant because this case involves real property.</u>

Finally, Plaintiffs aver that they reside within the Northern District because "Earth Island Institute and Greenpeace, Inc. have offices in the Northern District of California." Compl. at 5. The venue statute, however, unambiguously provides that a plaintiff's residence is only relevant "if no real property is involved in the action." 28 U.S.C. § 1391(e)(1)(C). This case not only

---

[1] The fact that in *Skalski* plaintiff Earth Island Institute filed its complaint and fully litigated the first phase of the case in the Eastern District illustrates the clear connection to the Eastern District. *See Skalski*, 61 F. Supp. 3d 945.

involves real property, it is centered on the use and environmental impacts to real property, all of which is located in the Eastern District. *See* Compl. at 16-18.[2]

Congress enacted the venue statute, in large part, to ensure that suits relating to the management of public lands would be litigated in the localities where the specific decisions were being made and implemented. A letter from then Deputy Attorney General Byron White, which was placed in the Senate Conference Report, emphasized that the venue for such claims should not be divorced from the locality where such claims arise:

> The principal demand for this proposed legislation comes from those who wish to seek review of decisions relating to public lands, such as the awarding of oil and gas leases, consideration of land patent applications and the granting of grazing rights or other interests in the public domain. The applicants may reside in any State, or several States of the Union, and it would be unwise to have the Secretary sued in Maine with respect to an oil and gas lease in Wyoming.

S. Rep. No. 87-1992, at 6 (1962), as reprinted in 1962 U.S.C.C.A.N. 2784, 2789 (Aug. 31, 1962). The Senate Committee reviewing the bill agreed that the changes to the venue statute would apply specifically to management decisions on federal lands. *Id.* at 3. The Committee agreed with the comment by the Deputy Attorney General regarding the desirability of having cases heard where the land at issue was located. *Id.* at 4. The bill that was ultimately enacted contains the provision that venue is proper where the "plaintiff resides if no real property is involved in the action." *See* Pub. L. No. 87-748, 76 Stat. 744, 744 (1962).

The principle that decisions affecting the management of federal public land are cases that involve "real property" for purposes of establishing venue has been followed in several cases. *See Ctr. for Biological Diversity v. U.S. Bureau of Land Mgmt.*, No. C 08-05646 JSW, 2009 WL 1025606, at *3 (N.D. Cal. Apr. 14, 2009) (challenge to a land use plan amendment governing the California Desert Conservation Area); *Landis v. Watt*, 510 F. Supp. 178, 180 (D. Idaho 1981) (claims involving the cancellation of oil and gas leases); *Ferguson v. Lieurance*, 565 F. Supp. 1013, 1015 (D. Nev. 1983) (challenge to the rejection of applications for oil and gas leases). As one court put it, the argument that a claim challenging BLM's management of public

---

[2] Indeed, Plaintiffs' allegation that "no real property is involved" is contradicted by other portions of their Complaint, including their own prayer for relief. *See id.* at 26 (requesting an injunction ordering the Forest Service to cease challenged operations on the Stanislaus National Forest).

MOTION TO DISMISS FOR IMPROPER VENUE
CASE NO. 3:19-CV-05792-LB                                                                                                   7

land does not involve real property amounts to "legal sophistry." *Ctr. for Biological Diversity*, 2009 WL 1025606, at *3. "[R]eal property is involved in the action" because it is at the very heart of Plaintiffs' claims. § 1391(e)(1)(B). Therefore, this Court should find that Plaintiffs have failed to establish that venue is proper under § 1391(e)(1)(B).

D. <u>Even if venue in this Court is proper, the interests of justice are best served by transferring the action to the Eastern District.</u>

Assuming venue in the Northern District is proper, this Court should still exercise its discretionary power to order transfer to the Eastern District under 28 U.S.C. § 1404(a). That section permits transfer when the potential transferee district is one where the case could originally have been brought. *Id*. In the instant case, it is plain from the Complaint that Plaintiffs could have brought their claims in the Eastern District because that is where the land is situated, where the challenged actions are occurring, and where plaintiff Earth Island Institute's prior challenge to the Rim Fire restoration project occurred. Compl. at 3-4, 13-19; *Skalski*, 61 F. Supp. 3d 945. In addition to being much more closely connected to and impacted by the challenged action, the Eastern District is more familiar with the factual and legal issues. *See Skalski*, 61 F. Supp. 3d 945 (reviewing the same 2014 EIS and many of the same forest management actions at issue in this case).

When considering discretionary transfer, the Court should consider the convenience of the parties, the convenience of the witnesses, and the interests of justice. 28 U.S.C. § 1404(a). Additionally, this Court may consider:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones*, 211 F.3d at 498-9. Many of the *Jones* factors are likely not relevant here; the availability of witnesses and evidence is unlikely to be a significant factor because this is an administrative record review case and because both districts are within the State of California. *Cf. Quinn*, 56 F.

1  Supp. 3d at 1117.  Similarly, other factors such as convenience of the parties and differences in
2  the costs of litigation do not weigh strongly either way because convenience and cost will not be
3  significantly different for the parties since the two districts are close together.  *Id*.

4        The only factor that meaningfully weighs in Plaintiffs' favor is plaintiffs' choice of
5  forum.  "But the level of deference to plaintiff[s'] choice of forum cannot be dispositive when
6  the action itself has no other relevant connection to the transferee forum."  *Id*. at 1119; *see Fabus*
7  *Corp. v. Asiana Exp. Corp.*, No. C-00-3172 PJH, 2001 WL 253185, at *1 (N.D. Cal. Mar. 5,
8  2011) ("the degree to which courts defer to the plaintiff's chosen venue is substantially reduced
9  where the plaintiff's venue choice is not its residence or where the forum chosen lacks a
10 significant connection to the activities alleged in the complaint.").

11       Conversely, both parties have significant contacts with the Eastern District, which is
12 where the challenged actions were studied, executed, and where the impact of the actions will be
13 most acutely felt by residents and Plaintiffs.  *See supra* p. 5; *Cf. Quinn*, 56 F. Supp. 3d at 1120.
14 Thus, the interests of justice and the *Jones* factors favor transferring venue to the Eastern
15 District.

16 **V.  CONCLUSION**

17       For the foregoing reasons, the Court should grant Federal Defendants' motion to dismiss
18 or, in the alternative, transfer venue to the Eastern District of California.

19       Respectfully submitted this 23rd day of September, 2019.

20  
21                 JEAN E. WILLIAMS
                Deputy Assistant Attorney General
22                 U.S. Department of Justice
                Environment & Natural Resources Division
23  
24                 */s/ Dustin J. Weisman*
                TYLER M. ALEXANDER (CA Bar #: 313188)
25                 DUSTIN J. WEISMAN (CO Bar #: 44818)
                Natural Resources Section
26                 Ben Franklin Station, P.O. Box 7611
                Washington, DC 20044-7611
27                 Tel: (202) 305-0238 (Alexander)
                Tel: (202) 305-0432 (Weisman)
28                 tyler.alexander@usdoj.gov

dustin.weisman@usdoj.gov

*Attorneys for Federal Defendants*

Of Counsel:
    JAMIE ROSEN
    Senior Counsel
    Office of the General Counsel
    U.S. Department of Agriculture

    AMBER RICHER
    Trial Attorney
    Office of General Counsel
    U.S. Department of Housing & Urban Development

## [PROPOSED] ORDER

Having considered Federal Defendants' Motion to Dismiss pursuant to 28 U.S.C. §§ 1391(e)(1), 1406(a), and FED. R. CIV. P. 12(b)(3), and any opposition, reply, and oral argument presented, the Court finds that venue in this Court is improper, and therefore IT IS HEREBY ORDERED that this action is transferred to the United States District Court for the Eastern District of California. *See*, 28 U.S.C. § 1406(a).

IT IS SO ORDERED.

Dated: _____              _____
                                                                     HON. LAUREL BEELER
                                                                    UNITED STATES MAGISTRATE JUDGE