



October 23, 2017


Larry Wuerstle, Program Manager
Office of Community Planning and Development
US HUD Region 9, Office of Environment and Energy
One Sansome Street, Suite 1200
San Francisco, CA 94104

Kathleen McNulty, Environmental Protection Specialist
U.S. Department of Housing and Urban Development
Region 9, Office of Environment and Energy
One Sansome Street, Suite 1200
San Francisco, CA  94104


Re: Notice of Objection re Release of Funds re Rim Fire


Dear Mr. Wuerstle and Ms. McNulty,

On behalf of the Center for Biological Diversity, the John Muir Project of Earth Island Institute, and the Sierra Club, we are filing this objection to the release of approximately $28 million regarding the "Forest and Watershed Health Program" activities pertaining to biomass removal, herbicide spraying, tree planting and related activities in the Rim fire on the Stanislaus National Forest.

We object to the release of these funds for the reasons stated previously in our June 26, 2017 letter to the California Department of Housing and Community Development (HCD) (attached). As we discuss in our June 2017 letter, circumstances have changed substantially recently, and now most of the area proposed for logging and tree planting has considerable natural conifer regeneration (and the proposed logging would kill most of that regeneration, by the U.S. Forest Service's own admission). Our June 2017 letter also discusses the high ecological importance of

"snag forest habitat", created by patches of high-intensity fire in mature conifer forest, and the damaged that is caused by post-fire logging, as well as the fact that the U.S. Forest Service did not fully analyze the climate change impacts of converting the planned post-fire logging in the Rim fire from a sawtimber-logging project to a bioenergy project, which would pump vastly more greenhouse gases into the atmosphere than previously disclosed and analyzed.  The HCD decisions do not dispute this, or the fact that even the most aggressive logging alternative analyzed by the Forest Service's 2014 and 2016 EISs only analyzed the climate change impacts of logging small snags (standing dead trees) up to 16 inches in diameter, and not the larger snags which comprise most of the carbon in these forests.  HCD nevertheless signed their decisions to move forward with this post-fire logging/planting project, despite the outdated environmental analysis.

While the HCD decisions state that nearly 15,000 acres have been logged already on national forest lands in the Rim fire, and contend that only the already-logged areas will be managed with these funds (and not the currently intact, unlogged post-fire habitat), the map of these nearly 15,000 acres, which HCD includes with its decision, is comprised largely of unlogged forest, as confirmed by both satellite imagery from the summer of 2017 and the Forest Service's own map of areas that have been post-fire logged to date in the Rim fire (from the agency's FACTS database, which tracks such logging) (see attached maps).  The logged areas can be clearly seen as light areas with mostly barren ground (and extensive logging roads and skid trails), while the unlogged areas are darker and the high densities of standing snags (fire-killed trees) can be easily seen from the satellite imagery within many thousands of acres inside the map units that HCD claims have already been logged.  This is a critically important point because HCD suggests that no additional environmental analysis is needed here, since the impacts of logging have already occurred.  However, given that this position is clearly in error, as shown by the attached maps and the photos in our June 2017 comments (which were taken within the units), HCD's position is unfounded.  As we stated in our June 2017 comments, due to significant changed circumstances, and important environmental impacts that were not previously analyzed or not fully analyzed, a supplemental EIS must be prepared under NEPA before further activities occur.

This objection is brought pursuant to 24 C.F.R sections 58.73 and 58.75.  Specific grounds for objection include, but are not limited to, the failure to comply with 24 C.F.R. sections 58.14 (requiring coordination of federal and state environmental review responsibilities), 58.52 (requiring preparation of a supplemental EIS if the "project" under consideration is different from that considered in the adopted EIS), and 58.53 (requiring evaluation of environmental factors not previously addressed, analysis of consistency between the project under consideration and the project evaluated in the prior EIS, and updating of EIS to reflect "new environmental issues and data . . . which may have significant environmental impact on the project area covered by the prior EIS").  The basis, facts, and legal authority for these objections are as set forth in this letter and in the attached letter from June 2017, and the associated attachments.

Please let us know if you have any questions.  Thanks.

Sincerely,

*Justin Augustine*

Justin Augustine, Attorney
Center for Biological Diversity
1212 Broadway, Suite 800
Oakland, CA 94612
503-910-9214


Chad Hanson, Ph.D., Ecologist                      Kathryn Phillips, Director
John Muir Project of Earth Island Institute        Sierra Club California
P.O. Box 897                                       909 12th St., Suite #202
Big Bear City, CA  92314                           Sacramento, CA  95814-2920