JEAN E. WILLIAMS
Deputy Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

TYLER M. ALEXANDER (CA Bar #: 313188)
DUSTIN J. WEISMAN (CO Bar #: 44818)
Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0238 (Alexander)
Tel: (202) 305-0432 (Weisman)
Fax: (202) 305-0506
tyler.alexander@usdoj.gov
dustin.weisman@usdoj.gov

*Attorneys for Federal Defendants Kimberly Nash, Jason Kuiken, the United States Department of Housing and Urban Development, and the United States Forest Service*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EARTH ISLAND INSTITUTE, *et al.*,<br><br>        Plaintiffs,<br>    v.<br><br>KIMBERLY NASH, *et al.*,<br><br>        Defendants. | Case No. 3:19-cv-05792-RS<br><br>**FEDERAL DEFENDANTS' NOTICE OF MOTION TO STRIKE DECLARATIONS, MOTION, AND MEMORANDUM IN SUPPORT OF MOTION: [PROPOSED ORDER]**<br><br>Administrative Procedure Act Case,<br>5 U.S.C. §§ 701 *et seq*.<br><br>Date: To be determined<br>Time: To be determined<br>Judge: Honorable Richard Seeborg<br><br>Courtroom 3, 17th Floor,<br>450 Golden Gate Ave., San Francisco, CA |

**NOTICE OF MOTION AND MOTION TO DISMISS**

PLEASE TAKE NOTE THAT Federal Defendants will and hereby do move to strike the declarations of Tonja Chi (ECF No. 39), Ralph Bloemers (ECF No. 40), and Maya Kholsa (ECF No. 41) in their entirety because these declarations raise new information that Plaintiffs could have, and should have, included with their Memorandum In Support of Plaintiffs' *Ex Parte* Motion for TRO and Preliminary Injunction, ECF No. 27 ("Motion for TRO"). This Court should also strike ¶ 10 of Chad Hanson's Declaration (ECF No. 42 and ECF No. 45 (corrected)) for the same reason. Finally, this Court should strike all references to, and discussion of, the aforementioned declarations and ¶ 10 of Chad Hanson's declaration from Plaintiffs' Combined Response-Reply In Opposition to Motion to Dismiss/Change Venue and In Support of Plaintiffs' Motion For TRO & Preliminary Injunction, ECF No. 44 ("Reply"). Federal Defendants note that this motion is related to Plaintiffs' Motion for TRO, which is being considered on an expedited schedule and does not currently have a hearing scheduled (*see* ECF No. 34). For the reasons set forth below, the Court should grant Federal Defendants' Motion to Strike.[1]

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    ISSUES PRESENTED**

Whether Plaintiffs should be permitted to submit new information, through declarations, for the first time as part of their Reply. If the Court answers the preceding question in the affirmative, should Defendants be permitted to respond to Plaintiffs' newly submitted information as a matter of fairness? Are the hyperlinked videos referenced in the Kholsa (ECF No. 41) and Hanson (ECF Nos. 42 and 45) declarations admissible?

**II.   FACTUAL BACKGROUND**

In support of their Motion for TRO, Plaintiffs submitted nine declarations (ECF Nos. 17-21, 23-25, and 28). After Defendants responded to Plaintiffs' Motion for TRO, Plaintiffs

---

[1] After the Administrative Record is lodged, and assuming this action proceeds to the merits, most, if not all, of Plaintiffs' declarations will be irrelevant because the declarations amount to extra-record evidence that do not fall within an exception for admission. *See Ctr. for Biological Diversity v. U.S. Fish & Wildlife Serv.*, 450 F.3d 930, 943 (9th Cir. 2006); *Animal Def. Council v. Hodel*, 840 F.2d 1432, 1437 (9th Cir. 1988), amended by 867 F.2d 1244 (9th Cir. 1989).

FEDERAL DEFENDANTS' MOTION TO STRIKE DECLARATIONS
CASE NO. 3:19-CV-05792-RS                                                                                    2

submitted new declarations (ECF Nos. 39-42 and 45), three of which were from prior declarants (Chi, Kholsa, and Hanson) and one from a new declarant (Bloemers). These new declarations contain additional information that was not contained in the declarants' earlier declarations. Furthermore, Plaintiffs submitted these new declarations after Defendants had already responded to Plaintiffs' Motion for TRO, thus leaving Defendants unable to respond to or rebut this new information.

Declarant Chi's new declaration (ECF No. 39) builds off of and is a continuation of her first declaration (ECF No. 19). However, her new declaration discusses new material related to her observations of the Project area since she started visiting it in 2015 and discusses her most recent visit to the area on September 28-29, 2019. ECF No. 39 at 2-5. Similarly, Declarant Kholsa's new declaration (ECF No. 41) builds off of her first declaration (ECF No. 18), except that she discusses and provides new hyperlinks to videos[2] depicting what she alleges she saw during a September 30, 2019 visit to the Project area. The hyperlinked videos also contain oral narrations by an unknown person.

Like Declarants Chi and Kholsa's declarations, paragraph 10 of Declarant Hanson's declaration (ECF No. 42 and 45 (corrected)) seeks to submit new information. Specifically, Declarant Hanson's invites the Court to view a YouTube video of a 2018 interview he gave concerning the Rim Fire and Camp Fire. ECF No. 42, 45 ¶ 10. Declarant Hanson also offers an unsupported allegation that Jamie Rosen, Senior Counsel for the United States Department of Agriculture and Special Assistant United States Attorney, was not acting in good faith when he attempted to confer with Plaintiffs months before they ultimately brought this action. *Id.* ¶¶ 5-6.

Finally, Plaintiffs submitted a declaration (ECF No. 40) from one of their attorneys, Ralph Bloemers. This is the only declaration from a new declarant. Mr. Bloemers proffers, for the first time, images of websites describing "prescribed fire activities that are taking place in the

---

[2] Even if the Court does not strike the Kholsa declaration (ECF No. 41) in its entirety, the Court should not consider the hyperlinked videos contained in ¶ 3. Nor should the Court consider the hyperlinked video in the Hanson declarations (ECF Nos. 42 and 45 ¶ 10). Plaintiffs have not properly submitted these videos into the record to allow for appellate review. *See* FED. R. CIV. P. 43(c).

FEDERAL DEFENDANTS' MOTION TO STRIKE DECLARATIONS
 CASE NO. 3:19-CV-05792-RS                                                                        3

Sierra Nevada Mountains on land managed by the United States Forest Service and the United States Park Service . . . ." ECF No. 40 ¶ 2.

## III. ARGUMENT

As they did with their *ex parte* Motion for TRO, Plaintiffs once again seek to put information before the Court without Defendants being able to respond to or rebut their allegations. This time, Plaintiffs offer declarations with new information that could have been included in the declarants' prior declarations, or in the case of Mr. Bloemers, the declarant could have provided the declaration as part of Plaintiffs' Motion for TRO. *Cf. S&W Forest Prods. Ltd. v. Cedar Shake & Shingle Bureau*, No. C19-202 MJP, 2019 WL 1489862, at *6 (W.D. Wash. Apr. 3, 2019) (plaintiff's reply brief contained five new declarations, three of which were "second declarations" from previous witnesses), *clarifying order*, 2019 WL 3996863 (W.D. Wash. Apr. 24, 2019).

For instance, Declarants Chi and Kholsa could have easily included their post-2015 observations in their first declaration, and, assuming the 2018 interview is even admissible, Declarant Hanson could have referenced the interview in his first declaration. Similarly, nothing prevented Declarant Bloemers from submitting the webpage images concerning prescribed fire activities at the time Plaintiffs filed their Motion for TRO. In sum, "all of these submissions represent, new argument which Plaintiff[s] could have (but did not) present in [their] opening briefing[,] which is improper in a reply brief." *Id*. Thus, these new arguments and information that could have been presented in the opening brief, but were not, should be stricken.

To the extent these new declarations offer information that the declarants obtained after Plaintiffs filed their Motion for TRO—*i.e.* alleged observations of the Project area on September 28-30, 2019—they are still improper. "Issues raised for the first time in the reply brief are waived." *Bazuaye v. Immigration & Naturalization Serv.*, 79 F.3d 118, 120 (9th Cir. 1996) (per curiam) (citing *Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990)). Plaintiffs cannot simply supplement their Motion for TRO with new evidence that they wished they had offered at the time of their original filing. Rather, if Plaintiffs wanted to offer declarations with more

contemporaneous observations of the subject land, then they should have done so as part of their Motion for TRO, not their Reply. *See United States v. Puerta*, 982 F.2d 1297, 1300 n.1 (9th Cir. 1992) ("New arguments may not be introduced in a reply brief."). Furthermore, the two hyperlinked videos in ¶ 3 of the Kholsa declaration contain impermissible and inadmissible oral narrations by unknown persons not under oath. *See* FED. R. CIV. P. 43(c), 56(c)(2), (4); 28 U.S.C. § 1746.

It is well established that when "new evidence is presented in a reply . . . the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (quoting *Black v. TIC Inv. Corp.*, 900 F.2d 112, 116 (7th Cir. 1990)) (internal quotation marks omitted). However, because of the expedited briefing schedule, Defendants cannot provide a timely response to Plaintiffs' new declarations. Thus, this Court should strike the aforementioned declarations. *See Nautilus Grp., Inc. v. Icon Health & Fitness, Inc.*, 308 F. Supp. 2d 1208, 1214 (W.D. Wash. 2003) (striking a declaration submitted with a reply because the non-movant was unable to respond to the declaration within the briefing schedule), *aff'd*, 372 F.3d 1330 (Fed. Cir. 2004). In sum, this Court should not allow Plaintiffs to offer new evidence in their Reply and at the same time deny Defendants the opportunity to respond because "[s]uch a result would be unfair." *Provenz*, 102 F.3d at 1483.

Finally, and relatedly, Plaintiffs' unfortunate decision to accuse Mr. Rosen of not acting in good faith cannot pass without a response. *See* ECF Nos. 42, 45 ¶¶ 5-6; Pls.' Reply 10-11. Declarant Hanson offers nothing in support of this allegation beyond the conclusory assertion that unspecified "past experience[s]" with Mr. Rosen have not resulted in the outcome Plaintiffs desire. ECF Nos. 42, 45 ¶ 5. This is a woefully inadequate basis for accusing government counsel of bad faith. Plaintiffs go even further in their reply brief, arguing without support that "Mr. Rosen has a known pattern and practice of baiting members of the public, who may or may not be represented, with letters like Dr. Hanson received from him" and that Mr. Rosen "has a reputation for not engaging in good faith." Pls.' Reply 10. Mr. Rosen's correspondence with

Mr. Hanson is in the record at ECF No. 30-1. It states plainly that, by June 6, 2019, Mr. Hanson had already threatened to sue and that Mr. Rosen was thus seeking to coordinate in an effort to avoid the emergency litigation in which the parties are now engaged. *Id.* at 1. Mr. Hanson and his organization are sophisticated and frequent litigators, and have already once unsuccessfully challenged the Rim Fire Restoration Project. *Ctr. for Biological Diversity v. Skalski*, 61 F. Supp. 3d 945 (E.D. Cal. 2014), *aff'd*, 613 F. App'x 579 (9th Cir. 2015); *see also, e.g.*, *Earth Island Institute v. Carlton*, No. Civ. S-09-2020 FCD/EFB, 2009 WL 9084754 (E.D. Cal. August 20, 2009) (denying preliminary injunction seeking to halt work on the Moonlight-Wheeler Fire Recovery and Restoration project on the Plumas National Forest); *Earth Island Institute v. Gibson*, 834 F. Supp. 2d 979 (E.D. Cal. 2011) (denying summary judgment to plaintiffs and granting summary judgment to the United States Forest Service regarding a challenge to the Angora Fire Restoration Project on the Lake Tahoe Basin Management Unit). It was entirely appropriate and in good faith for Mr. Rosen to seek to coordinate to attempt to avoid emergency litigation. In contrast, it was inappropriate for Plaintiffs to ignore Mr. Rosen's attempt to confer and instead sit on their rights for four months before asking this Court for emergency relief.

## IV. CONCLUSION

For the foregoing reasons, the Court should grant Federal Defendants' Motion to Strike Declarations or, in the alternative, permit Defendants three business days to respond to the new information Plaintiffs submitted.

Respectfully submitted this 2nd day of October, 2019.

JEAN E. WILLIAMS
Deputy Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

*/s/ Dustin J. Weisman*
TYLER M. ALEXANDER (CA Bar #: 313188)
DUSTIN J. WEISMAN (CO Bar #: 44818)
Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0238 (Alexander)

Tel: (202) 305-0432 (Weisman)
tyler.alexander@usdoj.gov
dustin.weisman@usdoj.gov

*Attorneys for Federal Defendants*

Of Counsel:
   JAMIE ROSEN
   Senior Counsel
   Office of the General Counsel
   U.S. Department of Agriculture

   AMBER RICHER
   Trial Attorney
   Office of General Counsel
   U.S. Department of Housing & Urban Development

**[PROPOSED] ORDER**

Having considered Federal Defendants' Motion, and any opposition, reply, and oral argument presented, the Court finds that Plaintiffs improperly submitted new information for the first time in their Combined Response-Reply In Opposition to Motion to Dismiss/Change Venue and In Support of Plaintiffs' Motion For TRO and Preliminary Injunction, and therefore IT IS HEREBY ORDERED that the declarations of Tonja Chi (ECF No. 39), Ralph Bloemers (ECF No. 40), and Maya Kholsa (ECF No. 41), and ¶ 10 of Chad Hanson's declaration (ECF No. 42 and ECF No. 45 (corrected)), and references and argument related thereto, are stricken. *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996).

IT IS SO ORDERED.

Dated: _____   _____

HON. RICHARD SEEBORG

UNITED STATES DISTRICT JUDGE